# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:08cv21

| | |
|---|---|
| JASON D. COLE; and RAYFORD D. COLE, SR., ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) | ORDER |
| ) | |
| CAPTAIN D's, LLC, ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Stay Initial Attorney's Conference. Also pending are plaintiffs' Motion to (#6) and Motion to Dismiss (contained in #5), and the memorandum filed in support of all three motions (#7). The undersigned is only referred the non-dispositive motion, which is to stay.

In determining whether to stay the IAC, the court has also considered the strength of the Motion to Dismiss and the Motion to Remand. While plaintiffs raise well thought out arguments, it appears that defendant has soundly countered those arguments in its response. No reply to those arguments has been filed within the time allowed. Based on the showing of record, the undersigned will deny the Motion to Stay.

While denying the instant motion, Local Civil Rules 16.1(A) and (D) provide plaintiffs with the relief they seek automatically.

> **(A) Initial Attorney's Conference.** As soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an "Initial Attorney's Conference" ("IAC"). In addition, counsel shall also discuss at such conference consent to magistrate judge jurisdiction. See LCvR 73.1(C).
>
> * * *
>
> **(D) Joinder of the Issues.** For the limited purpose of these Local Civil Rules, "joinder of the issues" occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues. <u>Where Rule 12 motions are filed and briefed, issues will not join until such motions are resolved by the court, unless otherwise ordered by the Court.</u>

L.Cv.R. 16.1 (A) & (D) (W.D.N.C. 2008). Thus, the parties have no duty to conduct the IAC or file the CIAC until the Motion to Dismiss is resolved. Respective counsel are advised that they may wish, but are not required, to discuss withdrawal of the remaining pending motions in light of the case law cited by defendant.

Finally, an apology is in order for the delay in reaching this motion, which was caused by a backlog that developed when the undersigned's staff was called to assist a visiting district judge full time in a complex trial during the month of May.

# ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Stay Initial Attorney's Conference (#8) is respectfully **DENIED.**

Signed: June 5, 2008

Dennis L. Howell
United States Magistrate Judge