UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV21-V

| | |
|---|---|
| **Jason D. Cole and** ) | |
| **Rayford D. Cole, Sr.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Memorandum and Order** |
| **v.** ) | |
| ) | |
| **Captain D's, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on Plaintiffs' Motion to Remand[1] (Docs. ## 6, 7, 9) pursuant to 28 U.S.C. § 1447 and 28 U.S.C. § 1332 and Defendant's Response (Doc. # 10). Plaintiffs did not submit a reply.

**I. Factual and Procedural Background**

On January 24, 2008 Plaintiffs Jason D. Cole, and Rayford D. Cole, Sr., commenced this action against the Defendant, Captain D's LLC, in the Superior Court of Iredell County, NC, seeking a declaratory judgment on the validity and enforceability of a franchise agreement ("Marketing Development Agreement" or "Agreement") between the parties.

The Agreement purports to govern Plaintiffs' operation of six of the Defendant's fast food restaurants under the Defendant's name. *See* Documents, 1-2 & 1-3. The precipitating event for this action is Plaintiffs claim that one of their chosen sites was rejected by the Defendants "because it was not located on a property either adjacent to or visible from an interstate highway." Complaint, ¶ 14.

---

[1] Although Plaintiffs' brief in support of remand cites and relies on Rule 12(b)(6) rather than Rule 12(b)(1), the Court treats Plaintiffs' motion as one asserting lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

1

Although the Agreement speaks directly to the Defendant's (Licensor's) role in determining a proper site to build a restaurant,[2] Plaintiffs assert that because the prescribed procedure and criteria for site selection are not adequately described within the Agreement, the entire Agreement is "nugatory and void for indefiniteness." Id., ¶¶ 16-17, 20.

Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, Defendant filed its notice of removal on March 6, 2008. Also, on March 6, 2008, Defendant filed its answer denying the complaint's material allegations, and filed a counterclaim against the Plaintiffs seeking declaratory relief, namely, enforcement of the Agreement. On March 21, 2008 Plaintiffs moved to remand this matter to the Superior Court of Iredell County pursuant to 28 U.S.C. § 1447(c).

## II. Applicable Law

Title 28, United States Code, Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the...defendants, to the district court of the United States for the district...embracing the place where such action is pending." Generally, "the burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). Federal courts in this circuit have a tendency to require a defendant to establish, by a preponderance of the evidence, that the jurisdictional amount is satisfied. Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D.N.C. 1997) (string cite omitted). Moreover, when analyzing if a defendant has fulfilled its burden, it is correct to settle any uncertainties on the side of state court control. *See* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

---

[2] The "Site Acceptance" provision within the Marketing Development Agreement provides in part that, "Licensor shall either accept or reject such site in accordance with Licensor's then-current site selection policies and procedures." (Notice of Removal / Attachment B, ¶6)

2

Pursuant to 28 U.S.C. § 1332, federal district courts may exercise subject matter jurisdiction over state actions when the opposing parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Additionally, a plaintiff challenging removal must do so within 30 days of that removal, and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Where a party seeks declaratory relief, like the parties here, "it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (string cite omitted). Generally, the value is measured by "pecuniary consequences to those involved in the litigation." Hoffman v. Vulcan Materials Co., 19 F.Supp.2d 475, 481 (M.D.N.C. September 4, 1998) (quoting Hunt, 432 U.S. at 347; Thomson v. Gaskill, 315 U.S. 442, 447 (1942)); *see also* Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964) ("The amount in controversy is the pecuniary result to either party which that judgment would produce.") The Court's duty then is to find the economic worth of the "object in controversy," keeping in mind that "any one case may be legitimately valued in a number of different ways," and that "[n]o one economic analysis will be right for all cases." Hoffman, 19 F.Supp.2d at 481-482 (With a lawsuit seeking declaratory relief, "the relief will have both a cost and benefit to the parties, depending on whether relief is granted or denied.")

### III. Discussion

The issue presented here is whether the amount in controversy has been satisfied so that this Court may have jurisdiction over the declaratory judgment action.[3] The Court thus looks to the potential "pecuniary consequences" to the parties in determining whether the requisite jurisdictional amount is present.

---

[3] Complete diversity is undisputed.

Plaintiffs' Complaint for Declaratory Relief seeks a declaratory judgment that the Agreement is unenforceable. While Plaintiffs do not seek to recover monetary damages, Plaintiffs effectively seek a refund of $75,000, which is the amount equal to the Development Fee paid to the Defendant in May 2006. Since Plaintiffs challenge the validity of the Agreement, Plaintiffs do not seek relief based upon an alleged breach of the Agreement, nor do Plaintiffs seek relief for any consequential damages. The amount of the award Plaintiffs seek is not in excess of the requisite $75,000 threshold.

Defendant contends Plaintiffs are potentially subject to a greater pecuniary consequence than described in Plaintiffs' memoranda. More specifically, Defendant contends that this Court may exercise subject matter jurisdiction because Defendant seeks to retain the $75,000 Development Fee paid by the Plaintiffs, along with reasonable attorneys' fees as provided for in the Agreement.[4] Defendant's Counterclaim seeks a declaratory judgment holding that the Agreement is "definite, valid and enforceable." (Def.'s Counterclaim, ¶12) Defendant likewise asks the Court to declare 1) Defendant is entitled to retain Plaintiffs' non-refundable Development Fee; and 2) Section 21 of the Agreement entitles Defendant to recover its costs and reasonable attorneys' fees in this matter. (Def.'s Counterclaim, ¶18) According to Defendant, the two aggregated amounts exceed the $75,000 threshold.[5]

---

[4] Paragraph 21 of the Agreement reads:

"Should Developer institute an action against Licensor or any of Licensor's agents or employees for any claim arising out of or related to this Agreement, **Licensor** [(]or its agents or employees), **if it prevails, shall recover from Developer its** costs and **reasonable attorneys' fees incurred in defending said action**."

(Notice of Removal / Attachment B)(*emphasis added*).

[5] Accordingly, Defendant informs this Court before filing the Notice of Removal its attorney fees equaled $1,622.50. Response, P. 6 fn. 2.

Plaintiff cites another case recently decided by the undersigned for the proposition that a defendant's counterclaim may not be considered in determining the amount in controversy. *See* JOMA Syss., Inc. v. GKN Sinter Metals, 2007 WL 2993810 (W.D.N.C. Oct. 11, 2007) (unpublished). The Defendant maintains JOMA is distinguishable from the present action because 1) Unlike this case, JOMA was not solely an action seeking declaratory judgment; 2) Defendant Captain D's filed its counterclaim at the same time it filed notice of removal; and 3) Defendant's attorneys' fees figure was available and provided to the Court as evidence that removal was proper. The Court agrees that JOMA is distinguishable.[6]

The Court considers whether, in a declaratory judgment action, the amount in controversy calculation may include a figure proposed by a defendant for prospective attorneys' fees provided by the contract placed in issue.[7] In the context of diversity jurisdiction generally, the Supreme Court has recognized that attorneys' fees may be considered in the amount in controversy calculation where expressly provided for by statute. *See* Missouri State Life Ins. v. Jones, 290 U.S. 199, 202 (1933) (where a state statute provides for the award of attorney's fees, those fees can be considered as part of the amount in controversy for purposes of determining federal diversity jurisdiction despite statute's characterization of attorneys' fees as "costs"). The plaintiff in Jones sought to recover on

---

[6] This Court's recent decision in JOMA Syss., Inc. v. GKN Sinter Metals, 2007 WL 2993810 (W.D.N.C. Oct. 11, 2007) (unpublished), is instructive but not necessarily on point given that the instant case seeks only declaratory relief. JOMA involved multiple legal and equitable claims, with only one of the defendant's counterclaims seeking declaratory relief. The Court thus applied the well-pleaded complaint rule in remanding plaintiff's case. This Court stated that where one of the defendant's counterclaims sought declaratory relief, it would seem the same rule (*i.e.*, the well-pleaded complaint rule) would apply. Id., at *2, fn. 6.

[7] The parties disagree as to which state law governs, which could affect whether the attorneys' fee provision is enforceable or not. However, it is improper to weigh the merits of the case in attempting to ascertain the value of the object of the litigation. *See* Candor Hosiery Mills, Inc. v. Int'l Networking Group, Inc., 35 F.Supp.2d 476, 479 n.2 (M.D.N.C. November 9, 1998) (*citing* St. Paul Mercury, 303 U.S. at 289.) This is particularly true where the sole purpose of the declaratory judgment action is to determine the validity of the Agreement as a whole.

5

two insurance contracts. A Missouri statute governing bad faith insurance actions also provided for an award of reasonable attorneys' fees, to be taxed as costs, for a successful plaintiff. Jones, 290 U.S. at 200-201 (internal citations omitted). The Supreme Court explained that the statute's characterization of attorneys' fees as "costs" did not mean that attorneys' fees were required to be treated as "costs" for purposes of the removal statute. Jones, 290 U.S. at 202 (*citing* Sioux County Neb., v. Nat'l Surety Co., 276 U.S. 238, 241 (1928) (Nebraska statute allowing attorneys' fees to be taxed as costs "created a liability enforceable by proper judgment in a federal court" and did not alter true nature of obligation). The Supreme Court held that "[t]he amount so demanded became part of the matter put in controversy by the complaint, and not mere "costs" excluded from the reckoning by the jurisdictional and removal statutes." Jones, 290 U.S. at 202. Therefore, the amount in controversy requirement was met and subject matter jurisdiction existed.

Under the reasoning of Jones, an enforceable contractual provision providing for attorneys' fees would likely be subject to the same analysis in a typical diversity case. *See* Chemerinsky, Erwin, FEDERAL JURISDICTION, §5.3.4 (3d ed. 1999) ("[I]f there is a statutory or contractual provision allowing a *prevailing plaintiff* to recover attorneys' fees, this possible recovery may be counted in calculating the jurisdictional amount.") In *dicta*, the Fourth Circuit has suggested that attorneys' fees may be considered in the amount in controversy analysis where the right to fees has been transformed into a substantive part of the award. *See* Saval v. BL Ltd., 710 F.2d 1027 (4th Cir.1983) (prospective fees not allowed to be included in calculating amount in controversy under statutory jurisdictional provision within the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act). However, the Fourth Circuit recently declined to rule on this very issue. *See* Choice Hotels Int'l Inc. v. Shiv Hospitality, LLC, 491 F.3d 171, 176 n. 4 ("[W]e need not, and do not, address whether the

amount in controversy could have been satisfied based on . . . [defendant's] counterclaim for attorney fees under the franchise agreement.")

Likewise, the Fourth Circuit has never squarely addressed whether attorneys' fees may be considered in calculating the amount in controversy in a declaratory judgment context. In light of the reasoning articulated by the Supreme Court in Jones, and because the proper test for determining amount in controversy in a declaratory judgment setting requires the Court to look to the "pecuniary consequences" to either party as opposed to Plaintiffs' well-pleaded complaint, the Court will consider the attorneys' fees figure proffered by the Defendant in calculating the amount in controversy. In so doing, the Court finds that the amount in controversy exceeds the $75,000.00 threshold requirement, and subject matter jurisdiction exists.

## IV. Order

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

Signed: August 29, 2008

Richard L. Voorhees
United States District Judge